IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA OROZCO, KARINA MARTINEZ §<br>§<br>individually and on behalf of other §<br>similarly situated employees and former §<br>employees of Defendant, §<br>    Plaintiff(s), §<br>§<br>vs. §<br>§<br>§<br>§<br>ANAMIAS TEX-MEX, INC. §<br>§<br>    Defendant. § | CIVIL ACTION NO:_____<br>JURY |

_____

**ORIGINAL COMPLAINT**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

MARIA OROZCO, KARINA MARINTEZ, ("Plaintiffs"), file this Original Complaint, individually and on behalf of other similarly situated employees and former employees of Defendant, complaining of Anamias Tex-Mex, Inc., (collectively "Defendant" or "Anamias") and would respectfully show the following:

**PARTIES**

1. Plaintiff, MARIA OROZCO ("OROZCO"), is an individual residing in Plano, Collin County, Texas, who files this lawsuit on her behalf and on behalf of other similarly situated employees and former employees of Defendant who may subsequently opt into this lawsuit.

2. Plaintiff, KARINA MARTINEZ ("MARTINEZ"), is an individual residing in Carrollton, Denton County, Texas, who files this lawsuit on her behalf and on behalf of other

similarly situated employees and former employees of Defendant who may subsequently opt into this lawsuit.

3. Defendant, Anamias, is a corporate entity, with its principal place of business in Coppell, Dallas County, Texas. Anamias may be served with summons by serving its registered agent, Anna Marie Ortiz, 106 North Denton Tap, Rd #240, Coppell, Texas 75019.

4. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## COLLECTIVE ACTION

5. Plaintiffs file this complaint on their own behalf and on behalf of other similarly situated employees and former employees of Defendant pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiffs file this complaint on their behalf and on behalf of the other waiters/waitresses, bartenders, and those performing the same or similar job duties to Plaintiffs for Defendant at any time from August 26, 2012 to the present.

## VENUE

6. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district and Defendant has its principal place of business in this division and judicial district.

## JURISDICTION

7. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended.

## STATEMENT OF CAUSES OF ACTION

8. Defendant is an "employer" as to Orozco, Martinez, and/or other potential plaintiffs within the meaning of 29 U.S.C. § 203(d) and is individually or collectively, an "enterprise" within the meaning of 29 U.S.C. § 203(r). Anamia operates various Tex-Mex restaurants in Coppell, Plano, South Lake, and Flower Mound, Texas.

9. Plaintiffs are former tipped employees who worked as waitresses and/or servers at Defendant's restaurants.

10. Plaintiffs were hired to work at Anamias' Plano location. Karina Martinez has also worked at other Anamia locations, including Coppell, Texas.

11. Defendant requires its waiters/waitresses, bus boys, expediters, and bartenders to participate in a tip pool. Waiters, waitresses, bartenders, and cocktail waitresses (service staff employees) participate and receive tips on a daily basis, and can leave with their cash tips for the evening after each shift. Each waiter and waitress is typically required by policy to contribute 4% of their tips from the night to a tip pool, which is then distributed to bartenders, bus boys, and expediters at the end of the night. Anamias requires waiters and waitresses to contribute 4% of their tips for the night to the tip pool. Specifically, bartenders and expediters received 1% each from the tip pool, while bus boys receive 2% from the tip pool.

12. In accordance with Defendant's policy or practice, Plaintiffs participated in the tip pool. Defendant's tip pool does not meet the requirements of a valid tip pool because Defendant did not allow Plaintiffs and other tipped employees to keep all of their earned tips. Defendant required Plaintiffs and other tipped employees to participate in a tip pool arrangement in which they were advised that a portion of their tips would go to the bus boys, bartenders, and other tipped employees at the end of the evening. However, a portion of those tips went to expediters

3

("expos"), which are ineligible employees under the FLSA to receive tips. Defendant's conduct was in direct violation of section 3(m) of the FLSA.

*13.* Expos spend almost all of their time working in or near the kitchen and rarely interact with restaurant customers. Expos are not the type of employees who customarily and regularly receive tips from customers. Plaintiffs should not have been required to provide a portion of their tips to ineligible expo employees. Defendant's policy of distributing tip pool proceeds to expos precludes Anamias from claiming a tip credit to satisfy its minimum wage obligations to Plaintiffs and the other class members.

14. Anamias also failed to inform Plaintiffs and other current and former tipped employees of its intention to take the "tip credit." As such, Anamias' management did not specifically inform Plaintiffs and other tipped employees that the reason they were earning $2.13 per hour was because Anamias was taking a tip credit and that the tips received were being counted towards minimum wage.

15. Defendant also has a policy of offering short paid breaks of at least 15 minutes to its employees. However, Defendant regularly did not allow Plaintiffs to take these paid breaks without working, and would require Plaintiffs to wait tables during their paid break periods. Thus, they were not fully relieved of their duties while taking their breaks and they were not properly compensated for their paid breaks. Under the FLSA non-exempt employees are entitled to paid breaks when the employer has a policy of offering one. As such, Plaintiffs are entitled to their paid breaks.

16. Moreover, Plaintiffs and other tipped employees were and are still required to stay at least one and half to two hours during or after each shift to do deep cleaning outside of their normal responsibilities as waiters, waitresses, and bartenders. They are not properly compensated for their time. Specifically, Defendant required Plaintiffs and other tipped employees to work

4

around the restaurants deep cleaning the kitchen, walls, ceilings and restaurant tables/floors which are outside of their job duties and are the job responsibilities of a cleaning crew who are paid at least minimum wage or better. Plaintiffs were either paid $2.13 per hour to perform these job functions (outside their job responsibilities) or were forced to do the work off the clock.

17. Additionally, Defendant has a policy of deducting from tipped employees' daily earned cash tips for customer walk outs ("dine and dash"), breakage, or register shortages which caused Plaintiffs to earn less than minimum wage.

18. These enumerated violations occurred in all of Defendant's restaurant locations.

### VIOLATION OF THE FLSA

19. Plaintiffs incorporate the factual allegations recited above and would show that Defendant is liable to them for all unpaid hours, any time worked off the clock, time for work performed outside of their job duties where they were compensated less than those who normally perform those job functions, and a refund of the tip credit under the FLSA for failing to explain the "tip credit" to their employees and for distributing part of the money from the tip pool to ineligible employees.

20. Defendant's violations of the FLSA were willful. Defendant knew or showed reckless disregard for whether their conduct was illegal. There is no reasonable basis for Defendant to believe Plaintiffs were exempt under the FLSA or that Defendant's practices were permitted by the FLSA. Defendant did not act in good faith by failing to pay Plaintiffs in accordance with the requirements of the FLSA.

21. Plaintiffs seek, and are entitled to, a recovery of liquidated damages on their claims under the FLSA.

**ATTORNEY'S FEES**

22. Defendant's refusal to abide by its statutory obligations to Plaintiffs has made it necessary for Plaintiffs to employ the undersigned attorneys to file this lawsuit. As such, Plaintiffs request the Court award a reasonable fee, pursuant to the FLSA, for their attorneys' services rendered, and to be rendered herein, as well as expenses and court costs.

**SECTION 216(b) COLLECTIVE ACTION**

23. As mentioned above, Plaintiffs file this complaint on their own behalf and on behalf of other current and former waiters/waitresses, bartenders, and similarly situated tipped employees and former tipped employees of Defendant pursuant to Section 216(b) of the FLSA. Defendant employs and has employed other such non-exempt employees who perform job duties similar to Plaintiff's job duties in other locations.

24. It was Defendant's policy and/or practice not to pay or provide Plaintiffs with all their earned tips by providing tips to ineligible employees that are not customarily and regularly tipped employees. Furthermore, it was Defendant's policy not to pay Plaintiffs for their breaks, not to pay Plaintiffs for work performed off the clock, to have Plaintiffs perform job duties outside their responsibilities for at least an hour and half to two hours after or during every shift for which they were not properly compensated, not to inform Plaintiffs of the tip credit, and to have Plaintiffs participate in a tip pool benefiting the management of Defendant and other ineligible employees.

25. Defendant's failure to inform Plaintiffs of the tip credit and engaging in tip pool violations means that Defendant has forfeited any tip credit obtained.

26. Defendant's violations of the FLSA were willful. Defendant knew or showed reckless disregard for whether its conduct was illegal. There is no reasonable basis for

Defendant to believe these other waiters/waitresses, bartenders and other tipped employees were exempt under the FLSA or that Defendant's practices were permitted by the FLSA. Defendant did not act in good faith in failing to pay these other employees in accordance with the requirements of the FLSA.

27. Therefore, these other non-exempt employees and formers employees are owed money for all the hours worked, break time, time worked off the clock, time worked performing job functions outside of their job duties where they were improperly paid, a refund of the tip-credit for tip pool violations and failure to inform them of the tip credit, liquidated damages and attorney's fees, for the same reasons as Plaintiffs. These other employees and former employees at Defendant's various restaurant locations should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA.

### JURY DEMAND

28. Plaintiffs demand a jury on all issues to be tried in this matter.

### PRAYER

WHEREFORE, Plaintiffs pray that Defendant be summoned to appear, and that on final trial of this matter, Plaintiffs be granted relief as follows:

(a)   Judgment declaring that the acts and practices of Defendant described herein violate the FLSA, as amended;

(b)   Judgment declaring that the acts and practices of Defendant described herein constitute a willful violation of the FLSA, as amended;

(c)   Judgment directing Defendant to pay Plaintiffs and other plaintiffs who may opt-in this litigation, actual and liquidated damages for violations of the FLSA, as amended;

(d)   Costs of suit and reasonable attorney's fees;

(e)   Prejudgment and post-judgment interest as provided by law; and

      (f)    Such other and further relief, in law and in equity, to which Plaintiffs and such other Plaintiffs may be justly entitled.

Respectfully submitted,

**AI LEGAL GROUP, PLLC**

**/S/ CAROLINE IBIRONKE**

———————————————

Caroline A. Ibironke
TBA #24050803
RHODA B. APPIAH-BOATENG
TBA #24049814
6060 North Central Expressway STE 560
Dallas, Texas 75206
Tel.:     866-496-5015
Fax:     866-496-5041
e-mail: caroline@ailegalgroup.com
e-mail: Rhoda@ailegalgroup.com

**ATTORNEYS FOR PLAINTIFFS**