IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA OROZCO, et al., § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-2800-L-BK |
| § | |
| ANAMIA'S TEX-MEX INC, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 8, the undersigned now considers *Plaintiffs' Expedited Motion for Conditional Certification, Notice to Potential Plaintiffs, and Limited Expedited Discovery*, Doc. 16. For the foregoing reasons, Plaintiffs motion should be **GRANTED IN PART**.

I.  BACKGROUND

Maria Orozco and Karina Martinez bring this suit under the Fair Labor Standards Act ("FLSA") against their former employer, Anamia's Tex-Mex, Inc. Doc. 1 at 1-2. Defendant operates restaurants in Coppell, Plano, South Lake, and Flower Mound, Texas. Doc. 1 at 3. Plaintiffs are former employees who worked as waitresses who received tips at Defendant's restaurants. Doc. 1 at 3. Plaintiff Orozco worked at Defendant's Plano location from approximately April 2012 to May 2015. Doc. 25-1 at 1. Plaintiff Martinez worked at Defendant's Coppell location from approximately September 2013 to May 2014, and at Defendant's Plano location from approximately May 2014 to March 19, 2015. Doc. 25-2 at 1.

The two Opt-in Plaintiffs, Gabriel Munoz and Elvin Izaguirre, are former waiters at Defendant's restaurants. Doc. 25-3 at 1; Doc. 25-4 at 1. Munoz worked at Defendant's Southlake location from approximately August 2005 to August 2008, at Defendant's Coppell

location from approximately August 2008 to August 2011, at Defendant's Flower Mound location from approximately August 2011 to September 2011, and at Defendant's Plano location from approximately September 2011 to May 2014.  Doc. 25-3 at 1.  Izaguirre worked at Defendant's Plano location from the summer of 2013 to February 2014.  Doc. 25-4 at 1.

Plaintiffs also seek to bring this action on behalf of other similarly-situated employees and former employees of Defendant, pursuant to 29 U.S.C. § 216(b) of the FLSA.  Doc. 1 at 2.  Plaintiffs now seek conditional certification of the class by this court.  In support of conditional certification, Plaintiffs argue that Defendant forced Plaintiffs and other similarly situated employees to "deep clean" the restaurant, to surrender a portion of their tips to ineligible employees, and to pay for customer walk outs, otherwise known as "dine and dash." They further allege that Defendant failed to inform them and other similarly-situated employees of its intention to take the tip credit.[1]  Doc. 16 at 16-17.  Plaintiffs represent that they and opt-in Plaintiff, Gabriel Munoz, have worked at all four of Defendant's restaurant locations, and declare that violations of the FLSA occur at each one.  Doc. 16 at 17.

Plaintiffs request that the Court approve and disseminate notice to persons who were employed as waiters, waitresses, bartenders, and other employees receiving tips at Defendant's restaurant at any time from August 27, 2012, to the present.  Doc. 16 at 18.  Plaintiffs further request that all potential plaintiffs be given 90 days from the date the notices are mailed to "opt-in" to the collective action.  Doc. 16 at 18.

Defendant argues that Plaintiffs have not met the standards required to obtain conditional certification because they have not shown that persons exist that are both interested in this

---

[1] Under 29 U.S.C. § 203(m), there is an exception to the $7.25 per hour minimum wage for tipped employees. Employers are permitted to pay such employees at a rate of $2.13 per hour, provided tips received by the employees make up the difference between the national minimum wage of $7.25 and $2.13 per hour.  *Montano v. Montrose Rest. Assocs, Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).  This is referred to as a tip credit.  *Id.*

2

litigation and similarly situated as Plaintiffs. Doc. 18 at 7, 12. Specifically, Defendant asserts that the affidavits submitted by Plaintiffs are conclusory, vague, unsupported, and fail to identify a single current or former employee that wishes to join this suit, other than themselves. Doc. 18 at 13. Further, Defendant alleges that Plaintiffs have failed to meet their burden of showing a common illegal pay policy or decision on a company-wide basis, considering the alleged unlawful activity is specific to one manager and one location. Doc. 18 at 14-15.

## II. APPLICABLE LAW

The FLSA provides that a suit may be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). This type of collective action follows an "opt-in" procedure in which no "employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

Under the FLSA, courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt-in" to the suit. *See Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). Although the Court of Appeals for the Fifth Circuit has not adopted a specific standard to be used in determining the propriety of class certification under the FLSA, this Court has utilized the prevailing two-step approach. *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that collective actions are "typically" analyzed this way).

**III.     PLAINTIFFS' EVIDENCE TO SUPPORT CONDITIONAL CERTIFICATION**

Plaintiffs have submitted to the Court four affidavits in support their motion, including the affidavits of the two opt-in plaintiffs.  Doc. 25-1; Doc. 25-2; Doc. 25-3; Doc. 25-4.  Plaintiffs and opt-in Plaintiffs submit nearly identical declarations in which Plaintiffs state they were waitresses or waiters at the Defendant's restaurant, and were tipped employees.  Doc. 25-1 at 1; Doc. 25-2 at 1; Doc. 25-3 at 1; Doc. 25-4 at 1.  Plaintiffs aver they were "consistently required to perform job duties outside [their] responsibilities as waiters/waitresses and were not properly paid for such time."  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.

Plaintiffs aver that they frequently were required to stay up to two additional hours to "deep clean[] the kitchen, walls, and scrub[] restaurant tables/floors and chairs and clean[] mold out of refrigerators" and "clean walls at the restaurant with … foam cleaner, sweep, and take out the garbage."  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.  They assert that these tasks were normally performed by "bus boys or a cleaning crew that is typically paid at least minimum wage or better."  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.  Plaintiffs performed these tasks at the rate of $2.13 an hour or, on occasion, without compensation.  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.

Further, Plaintiffs state they are required to contribute 4% of their tips for the night to a tip pool from which "bartenders and expediters received 1% each … while bus boys received 2%."  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.  The expediters work in the kitchen, do not interact with customers, and, thus, are not regularly tipped.  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.  Additionally, "[m]anagement…consistently threatened to terminate employees who refused to pay for 'dine and dash' meals, breakage, or register shortages."  Doc. 25-1 at 2; Doc. 25-2 at 2; Doc. 25-3 at 2; Doc. 25-4 at 2.  Plaintiffs also declare

they were never informed of the "tip credit," and that Defendant has never had a sign concerning minimum wage rights conspicuously displayed. Doc. 25-1 at 3; Doc. 25-2 at 3; Doc. 25-3 at 3; Doc. 25-4 at 3. Lastly, Plaintiffs were required to work during their paid breaks. Doc. 25-1 at 3; Doc. 25-2 at 3; Doc. 25-3 at 3; Doc. 25-4 at 3.

**IV.    ANALYSIS**

*a. There are other similarly-situated aggrieved individuals who desire to the join the lawsuit.*

At the first or "notice" stage, the evidentiary standard is lenient, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995). The court may only foreclose the plaintiffs' right to proceed collectively if the action relates to circumstances personal to each plaintiff rather than any generally applicable policy or practice. *Altiep v. Food Safety Net Servs., Ltd.*, No. 3:14-CV-0642, 2014 WL 4081213, at *3 (N.D. Tex. Aug. 18, 2014) (Kinkeade, J.).

To demonstrate that conditional certification and notice to potential plaintiffs is proper, a plaintiff must, at a minimum, show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit." *Jones v. JGC Dallas LLC*, No. 3:11-CV-2743, 2012 WL 6928101, at *3 (N.D. Tex. Nov. 29, 2012) (Ramirez, M.J.) (internal alterations omitted) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. 07-CV-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)), *recommendation accepted by* 2013 WL 271665 (2013) (O'Connor, J.). To determine whether the requisite showing has been made, courts look to the similarity of job requirements and pay provisions, whether the putative class members appear to be possible

5

victims of a common policy or plan, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Id.* Courts also consider whether potential plaintiffs were identified. *Songer v. Dillon Resources, Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (McBryde, J.). Once a plaintiff meets this lenient burden, the court conditionally certifies the class and facilitates notice to the potential plaintiffs. *Aguilar*, 2004 WL 2293842, at *1.

Defendant argues that the declarations consist of general, vague, conclusory, and hearsay comments made by unnamed family, friends, and coworkers. Doc. 18 at 9-10. Defendant further asserts that the declarations are not supported by specific facts, such as dates on which the FLSA violations occurred, who was behind the alleged violations, or the names of the family, friends, and other tipped employees who discussed their situation with Plaintiffs. Doc. 18 at 11. Defendant argues that, consequently, the Court should not consider the declarations. The Court does not find Defendant's argument availing.

Each named Plaintiff has provided a declaration that describes Defendant's alleged failure to comply with provisions under the FLSA. Declarations such as these "are ideal for analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Jones v. SuperMdia Inc.*, 281 F.R.D. 282, 289 (N.D. Tex. 2012) (Boyle, J.) (citing *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at *3 (W.D. Tex Aug. 14, 2009)). Additionally, Plaintiffs have sufficiently demonstrated that the allegations in the declarations are based on personal knowledge. *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) ("Personal knowledge can include inferences and opinions, so long as they are grounded in personal observation and experience."). Moreover, at this stage, the Court typically relies only on the pleadings and affidavits, necessitating a more lenient standard. *Heeg v. Adams Harris,*

*Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012). The Court does not consider the underlying merits of the action. *Id.* Accordingly, the Court finds that Plaintiffs have successfully demonstrated the existence of other aggrieved individuals.

Likewise, Plaintiffs have provided sufficient evidence that such aggrieved individuals are similarly situated. *JGC Dallas LLC*, 2012 WL 6928101, at *3 (citing *Mooney*, 54 F.3d at 1213-14.). Plaintiffs provided declarations from both class representatives and opt-in Plaintiffs attesting to similarities in job duties and pay practices for waiters and waitresses in Defendant's restaurants. Doc. 25-1 at 1; Doc. 25-2 at 1; Doc. 25-3 at 1; Doc. 25-4 at 1. All declarants aver they were (1) tipped employees, (2) required to exceed the scope of their job responsibilities, (3) required to participate in an impermissible tip pool, (4) required to pay for "dine and dash meals," (5) uninformed of the tip credit, and (5) required to work during paid breaks. Doc. 25-1 at 1-3; Doc. 25-2 at 1-3; Doc. 25-3 at 1-3; Doc. 25-4 at 1-3.

Defendant argues that Plaintiffs have not carried their burden of alleging sufficient facts establishing common illegal pay policies or decisions on a company-wide basis. Doc. 18 at 14. Specifically Defendant asserts that Plaintiffs claims stem from their experiences as servers only at the Plano location. Doc. 18 at 14. The Court agrees. Plaintiff Martinez and Opt-in Plaintiff Munoz have not produced competent evidence supporting their allegations that Defendant has a uniform tipping and wage payment policy at each of their restaurants. The declarations allege misconduct from three managers, all located at the Defendant's Plano location. Doc. 25-1 at 1; Doc. 25-2 at 1; Doc. 25-3 at 1; Doc. 25-4 at 1. Plaintiffs fail to show that they have personal knowledge of violations at Defendant's other locations. Specifically, Plaintiffs fail to identify the managers at Defendant's other locations or detail any violations at the other restaurant locations. Plaintiffs' vague and conclusory assertion that they have "friends and family" that

currently or formerly worked for Defendant who informed them of violations at Defendant's other locations is not persuasive. Doc. 25-1 at 2-3; Doc. 25-2 at 2-3; Doc. 25-3 at 2-3; Doc. 25-4 at 2-3; *See H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (finding conditional certification improper where the two plaintiffs submitted declarations "simply stat[ing] that they believe other workers were discriminated against in similar ways").

Accordingly, the Court finds that Plaintiffs have sufficiently established the existence of similarly situated potential plaintiffs and, thus, have met the requirements for conditional certification of the class inclusive only of waiters, waitresses, bartenders, and other tipped personnel employed at Defendant's Plano location at any time from August 27, 2012, to the present.

### b. *Form and Method of Notice*

Plaintiffs request that the Court approve and disseminate the notice attached to Plaintiffs' Brief in Support. Doc. 16 at 17; Doc. 16-5; Doc. 16-6. They argue that the notice is neutral as to the merits of the case and specifically states that the Court is not indicating whether any relief will be granted. Doc. 16-5. They further contend that the notice states that potential plaintiffs are free to choose whether to be represented by the undersigned attorney or an attorney of their own choosing. Doc. 16-5 at 4. Plaintiffs also request that all potential plaintiffs be given 90 days from the date of mailing to opt-in to the collective action. Doc. 16 at 18.

Defendant objects to Plaintiffs' proposed notice as biased, and suggests that the parties confer to develop notice language that is consistent with the circumstances of the case before notice is issued. Doc. 18 at 25. Defendant further argues that the notice should be limited to Defendant's Plano location, should not include bartenders, should not refer to causes of actions that are not pleaded in Plaintiffs' complaint, and should reflect the proper statute of limitations

period. Doc. 18 at 25-29. Defendant does not object to the request that all potential plaintiffs be given 90 days from the date of mailing to opt-in to the collective action.

Defendant's position that a conference of the parties regarding the notice is appropriate in this case is well taken. Accordingly, it is recommended that the parties be ordered to confer in an attempt to agree on notice language that is consistent with the circumstances of the case. *See Aguayo v. Bassam Odeh, Inc.*, No. 3:13–CV–2951–B, 2014 WL 737314, at *6 (N.D. Tex. Feb. 26, 2014) (Boyle, J.) (ordering the parties to confer on the contents of the notice). Such notice should include bartenders, as the evidence indicates that they too are tipped employees. *See Aguilar*, 2004 WL 2293842, at *4 ("The court holds that no distinction should be made between foremen and laborers … because they appear to be similarly situated in all relevant respects … The positions need to be similar, but not identical."). However, the notice should exclude references to overtime and credit card percentages being withheld. And, as discussed *supra*, the notice should be limited to Defendant's Plano location. Lastly, all potential plaintiffs should be given 90 days from the date of mailing to opt-in to the collective action. If the parties are unable to agree on the contents of the notice, they should be required to submit a joint report to the Court detailing any unresolved issues and their respective positions. *See Aguayo*, 2014 WL 737314, at *6.

    *c. Expedited Discovery*

Plaintiffs request that the Court compel Defendant to provide the name, job titles, beginning and end dates of employment, address, telephone number, date of birth, Social Security number, and e-mail address of each person who worked as a waiter, waitress, bartender, and other tipped employees, and those who performed the same or similar job duties to Plaintiffs during the relevant time period --August 27, 2012 to present. Doc. 16 at 18; Doc. 16-7.

Defendant objects that Plaintiffs broad requests violate the privacy rights of the proposed class members, and argues that Plaintiffs do not need all of the information requested to provide notice to putative class members.  Doc. 18 at 30.  In particular, Defendant objects to providing to Plaintiffs the telephone numbers, dates of birth, email addresses, and Social Security numbers of its current and former employees.  Doc. 18 at 30.  However, "discovery of this sort of information is a routine component of court-facilitated notice in FLSA collective actions." *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 525-26 (N.D. Tex. 2014) (Fitzwater, J.) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 170).

      Thus, to improve the accuracy of notice and minimize delay, Plaintiffs' request for expedited discovery of the name, job titles, beginning and end dates of employment, and last known address of each person who worked as a waiter, waitress, bartender, and other tipped employee, or who performed the same or similar job duties as those positions, during the period of August 2012 through the present, inclusive, and at Defendant's Plano location, should be granted.  But Plaintiffs' request that Defendants also reveal the telephone numbers, dates of birth, Social Security numbers, and email addresses of potential class members should be denied, due to the "highly personal" nature of the information sought.  *Aguilar*, 2004 WL 2293842, at *5 (declining request for telephone numbers); *Altiep*, 2014 WL 4081213, at *6 (declining request for phone numbers and email addresses); *Aguayo*, 2014 WL 737314, at *6 (limiting production to names, last known addresses, and dates of employment).  However, Defendant should be required to provide Plaintiffs' counsel with the last four digits of the Social Security number of any potential class member whose notice is returned as undeliverable.  *Aguayo*, 2014 WL 737314, at *6.

## V. CONCLUSION

For the above reasons, *Plaintiffs' Expedited Motion for Conditional Certification, Notice to Potential Plaintiffs, and Limited Expedited Discovery*, [Doc. 16](#), should be **GRANTED IN PART**. The Court should conditionally certify this collective action. The prospective class should be limited to waiters, waitresses, bartenders, and other tipped personnel employed at Defendant's Plano location at any time between August 27, 2012, and the present, inclusive.

The parties should be ordered to confer and jointly submit a proposed notice to the Court in accordance with the specific recommendations herein. If after conferring the parties are unable to fully agree on the notice contents, they should be required to submit to the Court a joint report outlining the disputed issues and the parties' respective positions.

Lastly, Defendant should be ordered to produce to Plaintiffs' counsel the names, job titles, dates of employment, and address of every individual employed at Defendant's Plano location as a waiter, waitress, bartender, and other tipped employee, or who performed the same or similar duties as those positions, at any time between August 27, 2012, and the present, inclusively. Further Defendant should be ordered to provide to Plaintiffs' counsel the last four digits of the Social Security number of any potential class member whose notice is returned as undeliverable.

**SO RECOMMMENDED** on February 10, 2016.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE