IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA OROZCO, KARINA MARTINEZ | § | |
| | § | |
| individually and on behalf of other | § | |
| similarly situated employees and former | § | |
| employees of Defendants, | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | §CIVIL ACTION NO: 3:15-cv-02800-L | |
| | §JURY | |
| | § | |
| | § | |
| ANAMIA'S TEX-MEX, INC. | § | |
| | § | |
| Defendant. | § | |

_____

**PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**
_____

Plaintiffs, Maria Orozco ("Orozco") and Karina Martinez ("Martinez") all individually and on behalf of other current and former similarly situated employees, file this *Motion for Equitable Tolling,* and would show the following:

**I.       PROCEDURAL STATUS**

On October 9, 2015, Plaintiffs filed their Motion for Conditional Certification. Dkt.16.  On February 10, 2016, Magistrate Judge Renee Harris-Toliver entered her Findings, Conclusions, and Recommendations by asking the Court to grant Plaintiffs' Motion for Conditional Certification as to Anamias' Plano location.  Dkt. 42. On April 22, 2016, this Court issued an order accepting Judge Toliver's Findings, Conclusions, and Recommendations and ordered the parties to confer concerning a joint notice letter for use with class dissemination.  Dkt. 43.  The parties have been unable to reach an agreement concerning a proposed notice letter and are in the process of preparing a joint status report concerning their dispute. In the interest of justice, and given the time that has passed since the Plaintiffs filed their motion for conditional certification, Plaintiffs request tolling the statute of limitations as detailed below.

1

## II.      MOTION FOR EQUITTABLE TOLLING

Plaintiffs ask this Court to toll the statute of limitations to the time that Plaintiffs filed their motion for conditional certification.  The statute of limitations for FLSA claims is subject to equitable tolling.  *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) ("This equitable doctrine is read into every federal statute of limitation.").  Equitable tolling may be applied if it is shown that a plaintiff "acted diligently and the delay concerns extraordinary circumstances." *Shidler v. Alarm Sec. Grp., LLC,* 919 F.Supp.2d 827, 829-30 (S.D. Tex. 2012) (citing *Caldwell v. Dretke,* 429 F.3d 521, 530 n. 23 (5th Cir.2005); *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002)); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Hernandez v. Caviness*, No. 2:07-cv-142-J, Dkt. No. 103 2008 WL 11183755 at *2 (N.D. Tex. Jun. 02, 2008).   Equitable tolling allows a plaintiff to pursue time-barred claims where the "strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (quotation omitted). The doctrine "permits a plaintiff to avoid the bar of the limitations period if despite all due diligence he or she is unable to obtain vital information bearing on the existence of her claim." *Smith-Haynie v. D.C.*, 155 F.3d 575, 579 (D.C. Cir. 1998).  As an equitable matter, the inquiry should focus on fairness to both parties.  *Adams v. Inter–Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal.2007). Some courts have stated that "the time required for a court to rule on a motion ... for certification of a collective action in an FLSA case [ ] may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Assocs. Events Corp.*, 2011 WL 844963 at *2 (E.D.N.Y.2011); *McGlone v. Contract Callers, Inc.,* 2012 U.S. Dist. LEXIS 49702, *16-17 (S.D.N.Y. Apr. 9, 2012) (citing *Yahraes* and tolling statute of limitations as of the date of the filing of motion for conditional certification).

Courts routinely hold that when a motion for conditional certification is pending in a Fair Labor Standards Act ("FLSA"), the statute of limitations should be tolled for those opt-ins that have not affirmatively opted in to the action.  *Shidler*, 919 F.Supp.2d 827, 829-30 (S.D. Tex. 2012).  Courts reach this conclusion because of the recognition that opt-ins suffer prejudice as their statute of limitations continues to run due to reasons beyond their control until their notice of written consent is filed with the court. *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, *6 (E.D. La. April 20, 2009).

### A.  PLAINTIFFS ACTED DILIGENTLY IN PURSUING THEIR CLAIMS

Equitable tolling should be granted in this matter as Plaintiffs have diligently pursued their rights on behalf of the potential collective class.  *Abadeer v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 136978, *9 (M.D. Tenn. Dec. 14, 2010).  Plaintiffs filed their motion for conditional certification on October 9, 2015.  Dkt. No. 16.  However, the Court did not enter a final court order accepting Judge Toliver's

recommendation to certify until April 22, 2016.  Dkt No. 43.  After the ruling by the Court, Plaintiffs sought to reach an agreement with opposing counsel concerning the language of the consent forms without success.  **Exhibit A**

### B.  CASE LAW SUPPORTS EQUITABLE TOLLING

Federal precedent supports tolling of the statute of limitations.  In the Fifth Circuit case *Shidler v. Alarm Sec. Grp*, the court found that plaintiffs had diligently pursued their claims and tolled the statute until when the parties filed their agreed notice regarding conditional certification. *Shidler*, 919 F. Supp. 2d. at 830-31.  In *Hernandez v. Caviness*, a Northern District of Texas case, Plaintiffs filed suit on July 12, 2007, and filed their motion for conditional certification and motion for court authorized notice on August 29, 2007.  The court granted tolling of the statute of limitations for 326 days from July 12, 2007, the filing date of the case to June 2, 2008, noting that the delays were due to no fault on the part of the opt-in Plaintiffs. *Hernandez* No. 2:07-cv-142-J, Dkt. No. 103 at pg. 4. See also *Partlow v. Jewish Orphans Home of Southern California, Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (where equitable tolling was proper where plaintiffs were without fault and "practical effect of not tolling the statute of limitations would be  to bar forever any claim" the employees had against defendant.).    Again, in *Abadeer v. Tyson Foods, Inc*., the court granted an additional 120 days of tolling on behalf of potential opt-ins following the date of the Court's Order granting conditional certification. *Abadeer v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 136978, *15 (M.D. Tenn. Dec. 14, 2010).  The Court had previously granted tolling on behalf of putative opt-ins for seven months, which represented the time period during which plaintiff's motion for conditional certification, was pending before the court. *Id*. at *7-8.  The Court found that equitable tolling was warranted. *Id*. at *9-14.  Specifically, the Court found equitable tolling was appropriate as "the members of this collective action are low wage workers, members of this group [who already opted in] had the assistance of counsel, and the necessity of time for the Court's ruling." *Id*. at *10-11.

Here, Plaintiffs are also low wage earners, who have sought and required assistance of counsel, and have diligently pursued their claims.  Plaintiffs further waited for the Court's ruling on the notices, Defendants' objections, and the parties attempt to reach an agreement on proposed notice to class members to no avail.  They should not have to suffer prejudice or be penalized for such delays due to no fault of their own. *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 U.S. Dist. LEXIS 51833, *6 (E.D. La. April 20, 2009) ("[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b).").  *Id*. at *4; *see also Roslies-Perez v. Superior Foresty Service, Inc.*, 652 F. Supp. 2d 887, 899 (M.D. Tenn. July 28, 2009) (tolling the statute of limitations for

putative class members); *McGlone v. Contract Callers, Inc.*, 2012 U.S. Dist. LEXIS 49702, \*16-17 (S.D.N.Y. Apr. 9, 2012) (where court held that the statute of limitations should be tolled as of the date of the plaintiff's filing of the motion for conditional certification, recognizing that that equitable tolling was appropriate as "putative class representatives and their counsel who are diligently and timely pursuing the claims should also not be penalized due to the court's heavy dockets and understandable delays in rulings); *Yahraes v. Restaurant Associates Events Corp.*, 2011 U.S. Dist. LEXIS 23115, \*9-10 (E.D.N.Y. March 8, 2011) (where court granted equitable tolling of the statute of limitations on behalf potential opt-ins for the period of time that plaintiff's two separate motions for conditional certification were pending, holding that that "plaintiffs have vigorously pursued their claims and, through no fault of their own, have been delayed in prosecuting their action and distributing 216(b) notice to potential opt-in plaintiffs.") *Id.* at \*8.

For further support, a federal court in *Stickle v. SCI Western Mtk. Support*, granted plaintiffs' motion for equitable tolling from the period of time from when defendants filed their motion to dismiss until the date that plaintiffs re-filed their motion for conditional certification. *Stickle v. SCI Western Mtk. Support Ctr.*, 2008 U.S. Dist. LEXIS 83315, \*61-65 (D. Ar. Sep. 30, 2008). The Court held that the delay caused by defendant's motion to dismiss was prejudicial to potential opt-ins should the case be certified stating: "The commencement of a lawsuit does not act to toll the statute of limitations under the FLSA for putative class members. Instead, the statute of limitations continues to run until putative class members file consent forms. Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice. The Court finds it appropriate in the interest of justice to toll the statute of limitations here. Defendants here will not be prejudiced by an equitable toll. If not tolled, the statute of limitations could act to deprive consenting employees of their right of action." *Id.* at \*63-64 (internal citations omitted). The interest of justice here also necessitates the tolling of the statute of limitations to relate back to the filing of Plaintiffs' motion for conditional certification.

*Owens v. Bethlehem Mines Corp.* is also instructive in this case. Although *Owens* is an ADEA case, it operates pursuant to the same statutory framework applicable to the FLSA concerning how potential opt-ins must join a collective action. *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312-313 (S.D. W. Va. 1986). In *Owens*, the Court found the claims of the two opt-ins timely, even though the notice of consent forms filed by both opt-ins did not meet the ADEA's three-year statute of limitations. *Id.* at 310-311. In granting equitable tolling to both opt-ins' claims, the Court stated that "[t]hrough no fault of the Plaintiffs or the Defendant, the motion to certify was not ruled upon until November 21, 1985. In a Rule 23 class action, the running of the statute of limitations for the individual plaintiffs is suspended during the pendency of the class certification question." *Id.* at 312 (internal citations omitted). Although recognizing that Rule 23 principles did not apply, the Court followed the

holdings of other courts and granted tolling, in part, no doubt to the approximately 16 month time period between the motion to conditionally certify the class and the Court order granting conditional certification. See *Id*. 310.   Accordingly, the statute of limitations should be tolled here as of the date of the filing of Plaintiffs' motion for conditional certification.

### III.     CONCLUSION AND PRAYER

Plaintiffs pray that Court approve and enter the proposed notice under Exhibits A and B. Plaintiffs further pray that the Court grant Plaintiffs' Motion for Equitable Tolling in the interest of justice.

Respectfully submitted,

**AI LEGAL GROUP, PLLC**

**/S/ CAROLINE IBIRONKE**
_____
Caroline A. Ibironke
TBA #24050803
RHODA B. APPIAH-BOATENG
TBA #24049814
6060 North Central Expressway, STE 560
Dallas, Texas 75206
Tel.:     866-496-5015
Fax:     866-496-5041
e-mail: caroline@ailegalgroup.com
e-mail: rhoda@ailegalgroup.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

On June 14 2016, Plaintiffs counsel conferred with opposing counsel for Defendant, and they are opposed to the request and relief sought under this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached motion has been forwarded via fax in accordance with the Federal Rules of Civil Procedure on this the 14th day of June 2016, to the following:

5

The law Office of David T. Denney
Paul Denney
paul@denneylaw.com
8350 N. Central Expressway, Suite 925
Dallas, TX  75206
PX: 214-739-2900
FX: 214-739-2909

**/S/ CAROLINE IBIRONKE**

_____

Caroline A. Ibironke
Rhoda Appiah-Boateng