IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA OROZCO, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-2800-L-BK |
| | § | |
| ANAMIA'S TEX-MEX INC, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 8, the undersigned now considers *Plaintiffs' Motion for Equitable Tolling*, Doc. 48. For the foregoing reasons, Plaintiffs motion should be **DENIED**.

**I.     BACKGROUND**

Maria Orozco and Karina Martinez bring this suit under the Fair Labor Standards Act ("FLSA") against their former employer, Anamia's Tex-Mex, Inc. ("Defendant"). Doc. 1 at 1–2. Plaintiffs also seek to bring this action on behalf of other similarly-situated employees and former employees of Defendant, pursuant to 29 U.S.C. Sec. 216(b). Doc. 1 at 2. Plaintiffs filed their Motion for Conditional Certification on October 9, 2015. Doc. 16. Following briefing by the parties, on February 10, 2016, the undersigned recommended that the motion be granted but that the class be limited. Doc. 42. On April 22, 2016, District Judge Sam A. Lindsay entered an order accepting the recommendation and conditionally certifying the class. Doc. 43.

Several weeks later, Plaintiffs filed the motion *sub judice*, requesting that the Court equitably toll the statute of limitations. Doc. 48. Specifically, Plaintiffs argue that the time that elapsed between the filing of their motion and the order granting it might cause potential opt-in plaintiffs' claims to be barred. Doc. 48 at 2. Such a delay, Plaintiffs argue, constitutes an

"exceptional circumstance" warranting equitable tolling.  Doc. 48 at 2–3.  They further assert that, because they have diligently pursued their claims and the delay was due to no fault of their own, the limitations period should be tolled for the approximately six months between October 9, 2015, the date they filed the Motion for Conditional Certification, and the Court's April 22, 2016 Order granting the same.  Doc. 48 at 4-5.  However, Defendant contends that the length of time the Court considered Plaintiffs' motion is not an exceptional circumstance warranting equitable tolling.  Doc. 51 at 3–4.  Alternatively, Defendant argues that Plaintiff's motion is premature, and that the Court should deny Plaintiffs' motion without prejudice until the opt-in period has ended and all potential plaintiffs and claims can be identified.  Doc. 51 at 8–9.

## II.     APPLICABLE LAW AND ANALYSIS

The FLSA provides for a two-year statute of limitations, which is extended one year for willful violations.  29 U.S.C. § 255(a).  The limitations period for a plaintiff in a collective action under the FLSA runs until a class plaintiff opts-in by filing a Notice of Consent.  29 U.S.C. § 256.  Equitable tolling of the statute of limitations can apply in FLSA cases.  *See Holmberg v. Armbrecht*, 327 U.S. 392 397 (1946) ("This equitable doctrine is read into every federal statute of limitations.").  However, the Court of Appeals for the Fifth Circuit strictly construes the FLSA's limitations provision, allowing equitable tolling only if shown that a plaintiff "acted diligently and the delay concerns extraordinary circumstances."  *Shidler v. Alarm Sec. Grp., LLC*, 919 F.Supp.2d 827, 830 (S.D. Tex. 2012) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n. 23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).  Additionally, if a plaintiff has been "actively misled" by the defendant about the cause of action, or "is prevented in some extraordinary way from asserting his rights," then tolling may be appropriate.  *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  Courts may also grant equitable

tolling when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir.1992). "The party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457 (citation omitted).

Regardless of whether Plaintiffs have diligently pursued their claims, they fail to present evidence of the requisite "rare and exceptional circumstances." *Teemac*, 298 F.3d at 457 (citation omitted).  In arguing that extraordinary circumstances exist, Plaintiffs point to the time that elapsed between the filing of their Motion for Conditional Certification and the Court's order granting certification in part.  Doc. 48 at 2.  While Plaintiffs argue that courts regularly toll limitations in FLSA cases, most of the authority they cite in support is outside the Fifth Circuit. Doc. 48 at 2–4.  Moreover, the holdings of several district courts within this circuit support a finding that a delay of six months and thirteen days, as was the case here, is not an extraordinary circumstance.[1]  *See, e.g., Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12–1831, 2013 WL 5372529, at *8 (S.D. Tex. Sept. 24, 2013) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Switzer v. Wachovia Corp.*, No. 11–1604, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months and original judge recused himself while certification was pending); *Clay v. Huntington Ingalls, Inc.*, No. 09–7625, 2012 WL 860375, at *4 (E.D. La. Mar. 13, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for over a year); *McKnight v. D.*

---

[1] The Court is hesitant to even call the period here between the filing and resolution of the motion to conditionally certify a "delay," since the last responsive pleading relating to the motion was not filed until January 19, 2016, Doc. 34, and the District Judge's order of conditional certification was issued some three months later – not an inordinate amount of time to deliberate on a contested motion.

3

*Houston, Inc.*, 756 F.Supp.2d 794, 808–09 (S.D. Tex. 2010) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months).

While Plaintiffs do cite several instances where district courts within the Fifth Circuit have equitably tolled the limitations period in an FLSA action, those cases are easily distinguished.  Notably, in neither of the cases Plaintiffs cite had the motion to certify been ruled on at the time the motion for equitable tolling was urged.  Here, Plaintiffs' filed their motion for equitable tolling nearly two months after the collective action was conditionally certified, Doc. 43.

Moreover, in *Shidler*, 919 F.Supp.2d at 830–31, a delay in ruling on a motion for conditional certification was held to justify equitable tolling.  In reaching this result, however, the court emphasized that certification was not disputed by the parties.  *Id.* at 830.  The court held that "the delay was not due to the Court's consideration of the conditional certification, but instead to the need for the Court to ascertain the parties properly before it, a delay entirely unrelated to the certification itself." *Id.* at 831.  Here, unlike *Shidler*, the issue of conditional certification was contested.  Moreover, the facts indicate—and Plaintiffs do not contest—that the delay was entirely related to the Court deliberating on the question of certification, not a matter the Court took up *sua sponte*.  Consequently, *Shidler* does not inform the Court's decision in the present case.

In *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. Civ. A. 8:5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009), Plaintiffs brought suit under the Trafficking Victims Protection Act, the FLSA, and Louisiana state law.  While the case was pending, the Government brought separate criminal charges against the Defendants, subsequently filing a motion to intervene and to stay proceedings under 18 U.S.C. Sec. 1595(b)(1) ("Any civil action

filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim."). *Id.* Because the mandatory stay prevented plaintiffs from obtaining conditional certification and other victims from joining the FLSA action as potential named or opt-in plaintiffs, the court tolled the statute for the period of the stay. *Id.* at *2. Here, Plaintiffs have not demonstrated that the delay at issue caused potential opt-in plaintiffs to "forfeit their claims" as was the case in *Antonio-Morales*. Additionally, in this action, several individuals have already opted in, indicating that potential plaintiffs are not restricted in the same manner as the potential plaintiffs were in *Antonio-Morales*. *See* Doc. 12; Doc. 13; Doc. 21.

In *Hernandez v. Caviness Packing Co., Inc.*, No. 2:07-CV-142-J, 2008 WL 11183755, at *2 (N.D. Tex. June 2, 2008) (Robinson, J.), the Court granted the plaintiffs' request for equitable tolling where more than nine months had elapsed between the filing of the motion for conditional certification and the Court's granting of the same. Citing two similar holdings from New Jersey and West Virginia courts—both of which dealt with delays of nineteen months—the court tolled the statute for the period it had considered the plaintiffs' motion. *Id.* Here, however, the period at issue (six months and thirteen days) is considerably less than that in *Hernandez* and the two cases it cited in support.

Finally, in the instant case, Plaintiffs have not alleged that potential plaintiffs were "actively misled" by Defendant regarding their rights, or that they—despite exercising due diligence—were unable to discover "essential information bearing on the existence of [their] claim." *Rashidi*, 96 F.3d at 128; *Pacheco*, 966 F.2d at 906–07. Even if such arguments had been advanced, declarations attached to Plaintiffs' Motion for Conditional Certification make clear

5

that potential opt-in plaintiffs are aware of the facts bearing on the existence of an FLSA claim.[2] *See Escobedo v. Dynasty Insulation, Inc.*, 694 F.Supp.2d 638, 655 (W.D. Tex. 2010) (find that opt-in plaintiffs who knew they were entitled to overtime compensation but did not "diligently pursue those rights" failed to meet their burden in establishing that equitable tolling was warranted). In sum, the delay that occurred during the Court's deliberation on the merits of Plaintiffs' Motion for Conditional Certification cannot be considered a circumstance so rare and exceptional to justify equitable tolling. *Lee v. Metrocare Services*, 980 F.Supp.2d 754, 770 (N.D. Tex. 2013) (O'Connor, J.) ("Congress did not provide for tolling while a court considers whether to certify a case as a collective action.") (internal quotation marks and citation omitted).

### III.  CONCLUSION

For the reasons stated herein, Plaintiff's *Motion for Equitable Tolling*, Doc. 48, should be **DENIED**.

**SO RECOMMENDED** on October 6, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Named Plaintiffs Orozco and Martinez, and Opt-In Plaintiffs Gabriel Munoz and Elvin Izaguirre each aver the following: "I worked alongside other tipped employees doing the same type of work and we discussed amongst ourselves how we were not properly compensated," and "I had multiple discussions with other employees who complained about not being allowed to keep all of their earned cash tips." Doc. 29-1 at 2; Doc. 29-2 at 2–3; Doc. 29-3 at 3; Doc. 29-4 at 2.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE